**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Jim J. Wyatt, | : | Case No. 3:07 CV 2870 |
|     Plaintiff, | : | |
|     vs. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| | : | |
|     Defendant. | | |

Defendant seeks an order altering or amending this Court's Memorandum Decision and Order remanding the case to the Commissioner.  Pending is Defendant's Rule 59(e) Motion to Alter and Amend Judgment (Docket No. 21), Plaintiff's Response (Docket No. 22) and Defendant's Reply (Docket No. 23).  For the reasons that follow, Defendant's Rule 59(e) Motion is denied.

**PROCEDURAL BACKGROUND**

Plaintiff applied for SSI on April 29, 2004, alleging that his disability began on March 15, 2001 (Tr. 34-36).  The application was denied initially and on reconsideration (Tr. 12, 20-21, 30H-30J).  Plaintiff's request for a hearing was granted and the hearing was held in Toledo, Ohio, on September 14, 2006, by Administrative Law Judge (ALJ) Yvonne Stam (Tr. 176).  Plaintiff, represented by counsel Barbara

Lavender, and Vocational Expert (VE) Charles McBee appeared and testified. On December 26, 2006, the ALJ rendered an unfavorable decision finding that Plaintiff was not disabled as defined under the Act (Tr. 12-18). Plaintiff requested review of the hearing decision on February 23, 2007 (Tr. 8). The Appeals Council denied Plaintiff's request for review on July 26, 2007, thereby rendering the ALJ's decision the final decision of the Commissioner (Tr. 3-5).

Plaintiff filed a timely request for judicial review (Docket No. 1). The Magistrate reversed and remanded the case to the Commissioner, pursuant to sentence four of 42 U. S. C. § 405(g), to reassess steps four and five of the sequential evaluation. Defendant seeks an order of the Court altering or amending the judgment.

## **STANDARD FOR A MOTION TO ALTER OR AMEND JUDGMENT**

A motion to alter or amend judgment is considered under FED. R. CIV. P. 59(e). *Daft v. Advest, Incorporated*, 2008 WL 190436, *2 (N. D. Ohio 2008) (*citing Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir. 1979) *cert. denied*, 100 S. Ct. 495 (1979) ). Such a motion is extraordinary and sparingly granted. *Id*. (*citing Plaskon Electrical Materials, Incorporated v. Allied-Signal, Incorporated,* 904 F. Supp. 644, 669 (N. D. Ohio 1995)). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Id*. (*citing Gencorp, Incorporated v. American International Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *Id.* (*citing McConocha v. Blue Cross & Blue Shield Mutual of Ohio,* 930 F. Supp. 1182, 1184 (N. D. Ohio 1996) (citation omitted)).

**DISCUSSION**

Defendant does not argue that its RULE 59(e) Motion is based upon a need to prevent manifest injustice, to accommodate an intervening change in controlling law or to account for newly discovered evidence. Defendant does argue, however, that the Magistrate erred in applying the law and that even if Plaintiff could not perform the jobs identified by the Vocational Expert, there were several jobs performed at the light exertional level which Plaintiff was capable of performing. Defendant contends that this case is not suitable for reversal and/or remand.

At step four of the sequential evaluation, the Commissioner has the burden of going forward with evidence that the claimant is incapable of performing his or her past relevant work. At step five, the Commissioner has the burden of going forward with evidence to show that the claimant is capable of performing other work in the economy. In this case, the ALJ determined at step four of the sequential evaluation that Plaintiff was unable to perform his past relevant work as a security guard. At step five of the sequential evaluation, the ALJ found that Plaintiff had the residual functional capacity to perform other jobs that exist in significant numbers in the local economy. The functional demands of Plaintiff's past relevant work and the work that will accommodate his impairments are identical[1]. Moreover, all of these professions require, at a minimum, the same level of vocational preparation, reasoning, math, language,

---

[1] DICTIONARY OF OCCUPATIONAL TITLES #s 819.686-010 MACHINE FEEDER, 207.685-014, PHOTOCOPYING-MACHINE OPERATOR, 976.385-010, MICROFILM PROCESSOR and 563.687-010 ANTICHECKING-IRON WORKER, require that the plaintiff exert up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. A job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

writing and speaking levels[2].

The Magistrate acknowledges that there may be an abundance of jobs that Plaintiff can perform at the light level. However, Defendant cannot rely on the absence of evidence to show that there is other light work that Plaintiff can perform even if he cannot perform past relevant work which is considered light work. The Commissioner must clarify this inconsistency. The Motion to Alter and/or Amend is denied.

**IT IS SO ORDERED**.

                                                /s/Vernelis K. Armstrong
                                                United States Magistrate Judge

Date: June 12, 2009

---

[2] Reasoning: Level 1 - Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job. Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

Language: Level 1 - READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers. WRITING: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses. SPEAKING: Speak simple sentences, using normal word order, and present and past tenses. SPECIFIC VOCATIONAL PREPARATION: Level 2 - Anything beyond short demonstration up to and including 1 month.

1.