**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Jim J. Wyatt, | : | Case No. 3:07 CV 2870 |
| Plaintiff, | : | |
| vs. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Defendant seeks an order altering or amending this Court's Memorandum Decision and Order granting Plaintiff an award of attorney fees. Pending before the Court is Defendant's unopposed Motion to Alter/Amend Judgment (Docket No. 29). For the reasons that follow, Defendant's Rule 59(e) Motion is granted.

**I. PROCEDURAL BACKGROUND**

Plaintiff applied for SSI on April 29, 2004 (Tr. 34-36). The application was denied initially and on reconsideration (Tr. 12, 20-21, 30H-30J). After hearing, the Administrative Law Judge (ALJ) rendered an unfavorable decision finding that Plaintiff was not disabled as defined under the Act (Tr. 12-18). The Commissioner's decision became final when the Appeals Council denied Plaintiff's request for review (Tr.

3-5). Plaintiff filed a timely request for judicial review (Docket No. 1). The Magistrate reversed and remanded the case to the Commissioner, pursuant to sentence four of 42 U. S. C. § 405(g), to reassess steps four and five of the sequential evaluation.

Defendant filed its first Motion to Alter/Amend Judgment on the basis that the finding that Plaintiff could not perform one job was not tantamount to a finding that the Plaintiff could not perform other light jobs (Docket No. 21). Plaintiff responded and Defendant Replied to Plaintiff's Response (Docket Nos. 21 & 22). The Magistrate entered an order denying the Motion to Alter/Amend Judgment (Docket No. 24).

Plaintiff filed a timely Motion for Attorney Fees under Equal Access to Justice Act (EAJA) which Defendant opposed on the basis that the agency was substantially justified in making its decision or alternately, the request for fees was unreasonable (Docket No. 26). The Magistrate awarded Plaintiff attorney fees of $4,662.50 on June 14, 2010 (Docket No. 28).

Defendant seeks an order amending the award consistent with an intervening change in applicable case law (Docket No. 29). Plaintiff failed to file a responsive pleading or otherwise respond to Defendants Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e).

## II. STANDARD FOR A MOTION TO ALTER OR AMEND JUDGMENT

A motion to alter or amend judgment must be filed within 28 days after the entry of judgment. FED. R. CIV. P. 59(e) (Thomson Reuters 2010). A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *American Civil Liberties Union of Kentucky v. McCreary County, Kentucky*, 607 F.3d 439, 450 (6th Cir. 2010) (*citing Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005) *cert. denied,* 126 S. Ct. 1782 (2006) (*citing GenCorp, Incorporated v. American International Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999).

### III. ANALYSIS

Defendant argues on the same date as the decision granting Plaintiff an award of fees, the United States Supreme Court determined that EAJA fees and expenses are payable to Plaintiff, not his attorney. Defendant prays that the Court will alter or amend its prior order regarding EAJA fees and expenses to reflect that they are payable to Plaintiff, not his attorney. Defendant directs the Court's attention to the case of *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-2529 (2010).

In *Astrue*, the Court analyzed 28 U. S. C. § 2412 (d)(1)(A), relying on precedent that the prevailing party in the fee statutes is a term of art that refers to the prevailing litigant. *Id.* at 2525 (*see e.g. Buckhannon Board & Care Home, Incorporated v. West Virginia Department of Health and Human Resources,* 121 S. Ct. 1835 (2001)). The statute directs courts to award to a prevailing litigant fees and other expenses that are incurred by that party. *Id.* (emphasis added.). Simply, an attorney award under 28 U. S. C. § 2412 (d) is payable to the prevailing litigant, not the attorney. *Id.*

Under principles established in *Astrue,* the Magistrate is compelled to award attorney fees to Plaintiff, the prevailing litigant. To the extent that the Memorandum Decision and Order awards attorney fees to Plaintiff and his counsel, the Magistrate alters that decision and makes the attorney fee award solely to Plaintiff. Accordingly, Defendant's Motion to Alter Amend filed as Docket Number 29, is granted.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: September 30, 2010